## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**NVR, INC.,**
      **Plaintiff,**
                          *

      *v.*                                    **Case No.   ELH-14-00241**

                                   *

**HARRY A. POOLE, SR. CONTRACTOR,**
**INC.,** *et al.,*                     *
      **Defendants.**

                              ******

## MEMORANDUM

NVR, Inc. ("NVR"), plaintiff, has filed suit against defendants Harry A. Poole, Sr. Contractor, Inc. ("Poole"); Plus One Masonry Company, Inc. ("Plus One"); and ESN Construction, Inc. ("ESN").[1]   The federal suit is rooted in a lawsuit filed against NVR in the Circuit Court for Anne Arundel County, Maryland, captioned *Eden Brook Condominium, Inc. v. NVR, Inc. et al.*, Case 02-C-11-158348.   The Maryland case arose from NVR's development of Eden Brook Condominium (the "Condominium"), an age-restricted residential condominium in Odenton, Maryland, consisting of 224 residential units located in 14 buildings.   In connection with the development of the Condominium, NVR hired various contractors, including defendants, to construct the buildings and common elements.   Of relevance here, NVR contracted with Poole and Plus One to install brick masonry veneer, and it contracted with ESN to perform rough framing.   The condominium association, in its own right and on behalf of individual unit owners, sought damages related to allegedly defective construction in these areas of work.

The State case was tried to a jury in the Circuit Court for Anne Arundel County in October 2012.   On November 19, 2012, the jury returned a verdict against NVR in the sum of

---

[1] Suit is based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1).

$5,629,715.   NVR paid that sum to the condominium association in December 2012 in satisfaction of the judgment.

This suit followed, in which NVR asserts claims against defendants for breach of contract, express indemnity, and indemnity implied in law.

Defendants ESN and Plus One have answered.  *See* ECF 4; ECF 19.  ESN also filed a third party complaint against H&S Construction & Framing, Inc. ("H&S").  *See* ECF 8.  H&S has filed an Answer.  *See* ECF 32.  Poole has filed a Motion To Dismiss For Failure To State A Claim Or, In The Alternative, A Motion For More Definite Statement (the "Motion"), pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 12(e).  ECF 10.  The Motion is supported by three exhibits, including the NVR Master Contractor Agreement.  NVR has filed an opposition, *see* ECF 20, and Poole has replied.  *See* ECF 29.  No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.

## Discussion

A motion pursuant to Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 n.3, 127 S. Ct. 1955 (2007); *see Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).

*Id.* at 555.   But, the rule demands more than bald accusations or mere speculation.   *Id.*; *see*

*Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).   To satisfy the minimal

requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true)

to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is

improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.   In other

words, the complaint must contain facts sufficient to "state a claim to refile that is plausible on

its face." *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. And Loan Inv., LLC*,

634 F.3d 754, 768 (4th Cir. 2011).

　　　In reviewing such a motion, a court "'must accept as true all of the factual allegations

contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in

favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert.*

*denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380,

385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992, 130 S. Ct. 1740 (2010).   However, a

complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the

elements of a cause of action," is insufficient.   *Twombly*, 550 U.S. at 555.   Similarly, a

defendant's motion will be granted if the "well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted).

Moreover, the court is not required to accept legal conclusions drawn from the facts. *See*

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986); *Monroe*, 579 F.3d at 385-86.

　　　"A court decides whether [the pleading] standard is met by separating the legal

conclusions from the factual allegations, assuming the truth of only the factual allegations, and

then determining whether those allegations allow the court to reasonably infer" that the plaintiff

is entitled to the legal remedy he or she seeks. *A Society Without A Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied,* ____ U.S. ____, 132 S. Ct. 1960 (2012).  "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted); *accord Commonswealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) ("When reviewing a 12(b)(6) dismissal, 'we must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'  Dismissal is appropriate if the law simply affords no relief.") (internal citation omitted).

A motion asserting failure of the complaint to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  "This principle only applies, however, if all facts necessary to the affirmative defense '*clearly appear[] on the face of the complaint,*'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

Plaintiff attached two documents to its federal lawsuit.  In particular, plaintiff has attached as exhibits the suit filed by the Condominium against NVR in the Circuit Court for Anne Arundel County, as well as the jury's verdict sheet showing the finding of negligent construction.  In resolving a Rule 12(b)(6) motion, however, a court ordinarily "may not consider

any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).  But, in considering a challenge to the adequacy of plaintiff's pleading, the court may consider documents attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so long as they are integral to the complaint and authentic."  *Phillips v. Pitt County Memorial Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *see also E.I. du pont de Nemours & Co.*, 637 F.3d at 448.  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'"  *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Additionally, facts and documents subject to judicial notice may be considered by a court, without converting the motion under Rule 12(d) to one for summary judgment.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir.), *cert. denied*, ____ U.S. ____, 132 S. Ct. 115 (2011).  Therefore, I may take judicial notice of relevant pleadings filed in a State court action.  *See Colonial Ins. Co. v. Coil*, 887 F.3d 1236, 1239 (4th Cir. 1989).

In my view, there is no merit to Poole's Motion under Fed. R. Civ. P. 12(b)(6).  Plaintiff's lawsuit amply states a claim for relief under Fed. R. Civ. P. 8(a).

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement if the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  The suit at issue fails to meet the criteria under Rule 12(e).  The suit is not so "vague or ambiguous" as to lead the Court to conclude that Poole "cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

Therefore, the Motion (ECF 10) will be DENIED.  Poole shall answer the Complaint within 17 days of the date of the docketing of the Order accompanying this Memorandum.


Date:  May 28, 2014                                  _____/s/_____
                                                     Ellen L. Hollander
                                                     United States District Judge